**In the Matter of OFFICE DYNAMICS, INC.**

No. 82–00018G.

United States Bankruptcy Court,
N.D. Georgia,
Gainesville Division.

April 12, 1984.

Mark Fockele, Gainesville, Ga., for debtor.

Lenore Distefano, Tax Division, Department of Justice, Washington, D.C., for I.R.S.

## OPINION

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

The debtor objected to the allowance of certain claims by the IRS, and the IRS has responded by moving to strike the debtor's objection. The debtor initially had filed a Chapter 11 petition. The IRS filed a proof of claim which included a delinquency for federal unemployment taxes, social security taxes, and income taxes. Subsequently, the debtor converted its Chapter 11 case to a Chapter 7 case. The Chapter 7 trustee liquidated the debtor's property and the debtor sought to force the IRS to allocate the payment received first to the trust-fund portion of its claim. The IRS has argued that the debtor has no right to allocate the payment in the instant circumstances. Because this court finds that the debtor's payment is not voluntary, the court holds that the IRS has the authority to apply the money received to the non-trust fund portion of the taxes due.

## FINDINGS OF FACT

1. On January 28, 1982 the Internal Revenue Service ("IRS") filed a federal tax lien against all the property of Office Dynamics, Inc. ("Office Dynamics");

2. On February 1, 1982 Office Dynamics filed a voluntary Chapter 11 petition;

3. On March 16, 1982 the IRS filed a proof of claim, indicating a claim for federal unemployment taxes, social security taxes, and income taxes going back to the period of the second quarter of 1980. The IRS has continued to supplement its proof of claim;

4. On June 8, 1982 the debtor requested that its Chapter 11 case be converted to a Chapter 7 case;

5. In June of 1982 the United States Attorney requested the court to sign an order, which was entered on June 21, 1982, that the debtor segregate and hold in trust certain money it collected for taxes;

6. On August 5, 1982 the court granted the debtor's request to convert the Chapter 11 to a Chapter 7 case;

7. On October 22, 1982 the trustee appointed to administer the Chapter 7 estate moved this court to confirm the liquidation sale which had been held;

8. Such sale was confirmed on November 1, 1982;

9. On November 24, 1982 the debtor filed an objection to allowance of claims of the IRS;

10. On January 3, 1983 the IRS filed a motion and brief to strike the objection to allowance of claims;

11. On February 11, 1983 a hearing was held on the debtor's objection;

12. On February 25, 1983 the debtor filed a brief in support of its objection.

## DISCUSSION

Both parties in this controversy agree in principle that when the debtor designates how his *voluntary* tax payments are to be allocated, the IRS is bound to honor that allocation. The disagreement in the instant circumstances is whether the debtor's payment to the IRS is "voluntary." The debtor supports its position that its payment was voluntary with an Eighth Circuit case, *Emshwiller v. United States*, 565 F.2d 1042 (C.A.8, 1977). The *Emshwiller* decision involved a Chapter XI debtor under the prior Bankruptcy Act. The Eighth Circuit held that the IRS was obligated to decrease its claim against the debtor. The critical factual distinction, however, was that the IRS had failed to allocate the debtor's payment in accordance with the Chapter XI amended plan of arrangement, approved by the Bankruptcy Court. *Emshwiller*, however, does not cover circumstances in which the payment received by the IRS was made pursuant to a Chapter 7 trustee's liquidation of the estate.

Two recent decisions, both under the Code, echo the *Emshwiller* decision in their recognition that a proposed plan, under either Chapter 11 or Chapter 13, confers the quality of "voluntariness" to the debtor's payments to the IRS and consequently requires debtor's allocation to be honored. The Bankruptcy Court in *In re Frost*, 19 B.R. 804 (B.C.D.Kan., 1982), held that where the debtor's Chapter 13 plan directed the order in which the IRS' liens were to be satisfied, the IRS was obligated to follow those directions:

> Payments in a Chapter 13 plan are voluntarily made because a Chapter 13 petition can only be voluntarily filed by the debtor, 11 U.S.C. § 1321, and can be dismissed at any time without notice to creditors. 11 U.S.C. § 1307(b). Within the guidelines of § 1322 and § 1325, a Chapter 13 debtor directs to all creditors which liens on what property are to be satisfied. In this case, the debtors intend to direct that plan payments will satisfy the IRS liens in reverse chronological order .... The court holds that the debtors may make such a directive, and the IRS must abide by the debtors' directive.

*Id.* at 809. In *In re Hartley Plumbing Co., Inc.*, 32 B.R. 8 (B.C.M.D.Ala., 1983), the Bankruptcy Court found that the IRS was required to allocate the debtor's payments as directed by the debtor's Chapter 11 plan of reorganization. The *Hartley* court noted certain similarities between the Bankruptcy Code's Chapter 11 and Chapter 13 provisions and the dissimilarity to the Chapter 7 liquidation provision:

> The present case is a voluntary Chapter 11 case and the debtor could, as a matter of right, have the case converted to a Chapter 7 at any time, or could have had the case dismissed unless it was shown that a dismissal would be prejudicial to creditors .... [a Chapter 11 and a Chapter 13] are more nearly analogous than a comparison of the present case with Chapter 7 bankruptcy liquidations where disbursements are made by a trustee or other type of legal proceedings through which the government is paid its taxes.

In the instant circumstances, the debtor was not making payments to the IRS in accordance with a court approved plan under a Chapter 11 or Chapter 13 case. The debtor's previously filed Chapter 11 petition had been converted to a Chapter 7, and any payment to the IRS would be made by the trustee in charge of liquidating the estate from funds collected in that liquida-

tion. This court holds that a liquidation undertaken by a court appointed trustee pursuant to the dictates of Chapter 7 of the Bankruptcy Code and requiring court confirmation is a "judicial action" sufficient to make the debtor's payment "involuntary." *Muntwyler v. United States*, 703 F.2d 1030, 1032–34 (C.A.7, 1983).

For the reasons set forth above, the debtor's objection to the allowance of the IRS claim is denied and the IRS is free to apply the money received to the non-trust fund portion of the taxes due.