In re VERMONT FIBERGLASS, INC.,
d/b/a Petit Pools of Rutland.

Civ. No. 87–245.

United States District Court,
D. Vermont.

Aug. 1, 1988.

Debra L. Stefanik, Tax Div. U.S. Dept. of Justice, Washington D.C., Christopher B. Baril, Asst. U.S. Atty., Rutland, Vt., for plaintiff.

Joseph B. Collins, Springfield, Mass., Mark R. Butterfield, Rutland, Vt., for debtor.

David D. Robinson, Rutland, Vt., Trustee.

## OPINION AND ORDER

BILLINGS, District Judge.

This is an appeal from an August 10, 1987 order of the United States Bankruptcy Court for the District of Vermont, 76 B.R. 358, granting debtor's motion to determine tax liability and ordering the Internal Revenue Service to apply all funds received from the debtor and the Chapter 7 Trustee to the debtor's trust fund liabilities. This Court has jurisdiction over this appeal under 28 U.S.C. § 158. For the reasons discussed below, the decision of the Bankruptcy Court is REVERSED.

## BACKGROUND

During 1980, 1981, and 1982, Vermont Fiberglass, Inc. ("debtor") incurred federal employment tax liabilities, as well as corporate tax liabilities. An Internal Revenue Service ("IRS") officer, Frank Nolan, contacted debtor's president attempting to collect the delinquent taxes. Counsel for debtor sent a letter to Mr. Nolan containing information about the debtor's assets. The letter read in pertinent part:

> enclosed please find all material I have on the Church of Attunement.... I do not see anything in my file concerning the assignment of the mortgage. It is my understanding however that there is recorded in the Land Records over in Lake George the assignment of the mortgage to Vermont Fiberglass, Inc.

Mr. Nolan searched the land records but did not find any record of assignment of the mortgage to debtor.

On or about February 16, 1983, Mr. Nolan served a Notice of Levy on the Church of Attunement ("Church") for debtor's delinquent tax liability. The levy stated in pertinent part:

> All property, rights to property, money credits, and bank deposits now in your possession and belonging to this taxpayer (or for which you are obligated) and all money or other obligations from you to this taxpayer, are levied upon for pay-

ment of the tax plus all additions provided by law. Demand is made on you for the amount necessary to pay this tax liability.

On August 5, 1983, debtor filed a Chapter 11 petition under the United States Bankruptcy Code to reorganize under the protection of the court. Schedule A–2 of the petition lists the IRS as a secured creditor. Schedule B–2, which includes a summary of the petitioner's debts and property, did not disclose any assignments of property for the benefit of any of its creditors.

During December of 1983, counsel for debtor received proceeds from the Church mortgage. The Church made a check, dated December 9, 1983, payable to "Vermont Fiberglass Corp. & Internal Revenue Serv." The check, in the amount of $8,794.34, noted the Church as the remitter.

After the IRS filed its proof of claim for taxes with the Bankruptcy Court in February, 1984, the court converted the debtor's case to a Chapter 7 liquidation proceeding on March 8, 1984. On March 19, 1984, debtor's counsel sent Mr. Nolan the check from the Church, together with a letter indicating that the payment was being made without prejudice to Vermont Fiberglass's right to contest the tax liabilities to which the funds were applied. The IRS advised debtor that because the payment was received as a result of the Notice of Levy the debtor could not designate the tax liability to which the payment should be applied.

On May 4, 1984, the Bankruptcy Court entered an order appointing a trustee. On May 24, 1984, the court authorized the trustee to conduct the debtor's business. At the close of the Chapter 7 proceedings on July 1, 1986, the court issued an "Order for Disbursements and Dividend Sheet." Pursuant to the order, the trustee made two payments to the IRS totalling $55,155.44.

On December 29, 1986, debtor filed a Motion to Determine Tax Liability seeking an order directing the IRS to apply the Church payment, as well as the Chapter 7

trustee's payments, to the trust fund portion of debtor's tax liability. On June 3, 1987, the Bankruptcy Court conducted a hearing on debtor's motion. The Bankruptcy Court issued a decision on August 10, 1987, granting debtor's Motion to Determine Tax Liability and ordering the IRS to apply funds received from debtor and the Chapter 7 trustee to the trust fund portion of debtor's unemployment tax liabilities. The United States filed its appeal on behalf of the IRS on December 11, 1987. This Court heard oral argument on April 22, 1988.

## DISCUSSION

Employers are required to withhold taxes from employees' wages and hold them "in trust" for subsequent remittance to the IRS. 26 U.S.C. § 7501. Those taxes are called trust fund taxes. Pursuant to 26 U.S.C. § 3403, an employer is liable for payment of trust fund taxes. If the employer fails to collect and pay over the taxes to the IRS, section 6672 of title 26 provides the government with a vehicle to ensure payment of the taxes. Section 6672 imposes personal liability on "responsible persons" who are required to collect, account for, and deliver the taxes to the IRS. If the employer fails to remit the taxes, a responsible person is potentially liable for 100% of the taxes not remitted to the government. "[T]he liability imposed under section 6672 is separate and distinct from that imposed on the employer.... Thus, the IRS need not pursue collection from the employer prior to assessing a responsible person under section 6672." *United States v. Huckabee Auto Co.,* 783 F.2d 1546, 1548–49 (11th Cir.1986) (citations omitted).

It is IRS policy to collect the trust fund taxes only once, whether they are received from the responsible persons or the corporate employer. IRS Policy Statement P–5–60. If the IRS can collect the taxes from the responsible persons, it can attempt to secure non-trust fund tax liabilities from the employer, thereby increasing the net amount of taxes retrieved by the agency.

It is undisputed that debtor had incurred federal employment tax liabilities as well as other corporate tax liabilities. The question before the Court is whether the debtor, the IRS, or the Bankruptcy Court may direct the accounts (i.e. trust fund or non-trust fund) to which the IRS must credit payments resulting from the Church mortgage and the trustee's Chapter 7 distribution.

### A. *Payment Resulting from Church Mortgage*

When a payment is involuntary the IRS may allocate the payment according to its policy. *Muntwyler v. United States,* 703 F.2d 1030, 1032 (7th Cir.1983). Despite the fact that debtor's counsel gave the IRS certain information regarding the Church's mortgage in 1983, no payment was made until the IRS received the pre-dated check in March, 1984. Additionally, there was no assignment of the mortgage prior to the February 16, 1983 Notice of Levy on the Church. Because the payment resulting from the Church mortgage was made pursuant to levy it was an involuntary payment. *Amos v. Commissioner,* 47 T.C. 65 (1966). Therefore, the IRS has the right to allocate the payment according to IRS policy.

### B. *Payments made by Chapter 7 Trustee*

The subsequent two payments to the IRS, totalling $55,155.44, were made by the Chapter 7 Trustee. The payments were made pursuant to the Bankruptcy Court's Order for Disbursements and Dividend Sheet. In *In re Office Dynamics, Inc.,* the court held that "a liquidation undertaken by a court approved trustee pursuant to the dictates of Chapter 7 of the Bankruptcy Code and requiring court confirmation is a 'judicial action' sufficient to make the debtor's payment 'involuntary.'" 39 B.R. 760, 761 (Bankr.N.D.Ga.1984) (citing *Muntwyler v. United States,* 703 F.2d 1030 (7th Cir.1983)) (defining involuntary payment as one made pursuant to judicial action or some form of administrative seizure). Therefore, the two payments made by the Chapter 7 trustee were involuntary

and the IRS has the right to allocate the payments according to IRS policy.

### C. *Jurisdiction of the Bankruptcy Court under 11 U.S.C. § 505(a)*

■ Debtor's motion to determine tax liability was based on 11 U.S.C. § 505(a)(1). Section 505(a)(1) provides that a bankruptcy court "may determine the *amount* or *legality* of any tax...." (emphasis added).[1] In the present case, the amount or legality of debtor's tax liability was not in dispute. The IRS, as well as debtor's other creditors, had already had their share of the bankrupt estate determined and the Bankruptcy Court had issued an Order for Disbursements and Dividend Sheet. The debtor had lost all control over the estate and had ceased to exist as an entity. The manner in which the IRS applied the payments had no effect on the debtor. Therefore, the Bankruptcy Court's August 10, 1987, Order did not affect any interest of debtor. Rather than an order determining debtor's own tax liability, debtor's motion sought to obtain an order which would have the effect of reducing the liability of the responsible persons, i.e., corporate officers.

The question of whether section 505(a) confers jurisdiction on bankruptcy courts to determine the tax liability of individuals or entities other than the debtor was recently addressed by the United States District Court for the Second Circuit in *In re Brandt–Airflex Corporation,* 843 F.2d 90 (2d Cir.1988). Adopting the reasoning of the Eleventh Circuit in *United States v. Huckabee Auto Co.,* 783 F.2d 1546 (11th Cir.1986), the court held that section 505(a) does not confer bankruptcy court jurisdiction over non-debtors. The court stated:

> Section 505(a) was certainly not intended to allow bankruptcy courts to determine

the validity of literally *any* tax, no matter who owes it. Moreover, the statute itself says nothing about which classes of non-debtors, if any, could permissibly invoke the bankruptcy court's jurisdiction under § 505(a). A literal reading of the statute, therefore, leads either to unintended results or great uncertainty.

*Brandt–Airflex,* 843 F.2d at 96.

■ The court also cited the legislative history of section 505(a) describing the section as "permit[ting] determination by the bankruptcy court of any unpaid tax liability *of the debtor*" and concluded that "[i]n light of this statement, it makes far more sense to read § 505(a) as limiting the bankruptcy court's jurisdiction...." *Id.* A literal reading of section 505(a), without regard to the legislative history, would have the effect of making "the Bankruptcy Courts a second tax system, empowering the Bankruptcy Court to consider 'any' tax whatsoever, on whomsoever imposed" *Id.* (quoting *In re Interstate Motor Freight,* 62 B.R. 805, 809 (Bankr.W.D.Mich.1986)).[2]

Debtor fashioned its motion as seeking determination of debtor's tax liability. Debtor's tax liability, however, had already been determined and was not in dispute. The Bankruptcy Court's August 10, 1987 Order had the effect of reducing the liability of the responsible persons (non-debtors) while not affecting any interest of debtor. By seeking an order compelling the IRS to apply funds received from debtor to debtor's trust fund liabilities, debtor is, in fact, seeking an order prohibiting the IRS from collecting a penalty assessment against debtor's responsible persons pursuant to section 6672. Section 505(a) does not confer bankruptcy court jurisdiction over non-debtors. *Brandt–Airflex,* 843 F.2d 90 (2d

---

**1.** 11 U.S.C. § 505(a)(1) states:

Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

**2.** To the extent the Bankruptcy Court ordered the allocation of the payments on the basis of its "equitable notions of justice", (Opinion at 29), it was without power to do so. The equitable power of the bankruptcy court may not be used to expand its jurisdiction. *In re J.M. Wells, Inc.,* 575 F.2d 329, 331 (1st Cir.1978).

Cir.1988). For this reason, the Bankruptcy Court has no jurisdiction under section 505(a) to order the IRS to apply funds received from debtor or the Chapter 7 trustee to debtor's trust fund liabilities.

## CONCLUSION

The payments made to the IRS resulting from the Church mortgage and the Chapter 7 trustee's distribution were involuntary, permitting allocation of the payments by the IRS. Because the debtor's tax liability had already been determined and was not disputed, the Bankruptcy Court had no jurisdiction under section 505(a) to issue its August 10, 1987 Order. For these reasons, the Order of the Bankruptcy Court is REVERSED and it is ORDERED that the IRS has the authority to allocate the payments made in this estate between debtor's trust fund liabilities and other tax liabilities.

SO ORDERED.