**In The Matter Of 26 TRUMBULL STREET, INC., dba Hubbard's Park, Debtor.**

**Bankruptcy No. 2–85–01013.**

United States Bankruptcy Court, D. Connecticut.

Jan. 3, 1989.

See also 77 B.R. 374.

Martin W. Hoffman, Hartford, Conn., for debtor.

John J. O'Neil, Jr., Hartford, Conn., for trustee.

Mary Keane, Civ. Trial Section, Northern Regional Tax Div., Dept. of Justice, Washington, D.C., for the U.S.

## MEMORANDUM OF DECISION RE: DEBTOR'S OBJECTION TO TRUSTEE'S FINAL DISTRIBUTION

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

The debtor in this chapter 7 case has filed a pleading entitled "Debtor's Objection to the Trustee's Final Distribution." The thrust of the motion[1] is to obtain a court order, upon court approval of the trustee's final report and accounting, directing the Internal Revenue Service of the United States (IRS) to apply the dividend on its priority claim so as to benefit the debtor's officers. The issues thereby raised are (1) whether the debtor has standing to request such an order, and (2) whether a payment on a priority tax claim to the

IRS in a chapter 7 case constitutes an involuntary payment and may be applied as the IRS chooses to reduce the debtor's overall tax liability. The parties have submitted the matter upon a stipulation of facts and briefs.

### II.

26 Trumbull Street, Inc., a restaurant doing business under the name of Hubbard's Park, (debtor) filed a voluntary chapter 11 petition on November 22, 1985. On March 21, 1986, the IRS filed a proof of claim for $98,249.54 for unpaid withholding, social security (FICA) and unemployment (FUTA) taxes, plus interest and penalties. The debtor, on June 10, 1986, converted its case to one under chapter 7. The IRS amended its proof of claim on August 21, 1986, claiming $98,102.08 as an unsecured priority claim for unpaid withholding, FUTA and FICA taxes including interest, and $5,621.34 as a general unsecured claim for penalties.

### III.

The Internal Revenue Code requires employers to withhold certain taxes from employees' wages, and to pay those taxes over to the IRS. 26 U.S.C. § 3101 imposes a Federal Insurance Contributions Act tax, commonly known as the social security tax, upon employees; 26 U.S.C. § 3102 requires the employer to collect the tax by deducting it from the employees' wages and makes the employer liable for the tax's payment. Similarly, 26 U.S.C. § 3402 requires an employer to withhold employees' income taxes, and 26 U.S.C. § 3403 establishes the employer's liability for the payment of withheld income taxes. These withheld taxes are commonly called "trust fund taxes" because 26 U.S.C. § 7501 requires that they be held in "a special fund in trust for the United States." Other employer tax liabilities are generally called "non-trust fund taxes." Congress has provided for a 100% penalty against an em-

---

1. Bankr.R. 9013 provides: "A request for an order, except when an application is authorized   by these rules, shall be by written motion...."

ployer's responsible persons for failure to collect and pay over trust fund taxes:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable.

26 U.S.C.A. § 6672(a) (West Supp.1988).

In the present case, the IRS priority tax claim consists of both trust fund and non-trust fund taxes, and the estate has insufficient funds to pay the priority tax claim in full. The IRS, in the absence of a court order, will apply the trustee's payment ($38,166.46) in such a way as to credit the trustee's payments first against non-trust fund tax liabilities. Such an application of the payments may maximize the IRS's recovery of taxes by preserving its ability to pursue the debtor's responsible persons under § 6672(a). The debtor requests that the court enter an order directing the application of the funds distributed to the IRS "first to the satisfaction of unpaid trust fund tax liability and then to the satisfaction of interest and penalties thereon." *Debtor's Memorandum* 7.

The IRS claims (1) that the debtor does not have standing to object to the trustee's proposed distribution and (2), in any event, payments by a chapter 7 trustee are involuntary and may be applied as the IRS sees fit. The debtor argues that the payments are voluntary and the court may, upon request, direct the allocation of the dividend to be paid by the trustee to the IRS. The debtor's memorandum does not address the standing issue.

### IV.

The IRS first contends that the debtor does not have standing to request an order directing application of the trust-ee's payment. A number of courts have held that a corporate debtor in a chapter 11 case lacks standing to seek an injunction to prohibit the IRS from collecting the 100% penalty imposed by § 6672 from a debtor's responsible persons for failure to collect and pay over trust fund taxes. They conclude that a corporation and its officers are separate entities and that the corporation cannot litigate the tax liabilities of an individual. *Bowen Indus. v. United States*, 61 B.R. 61, 64 (W.D.Tex.1986); *United States v. Rayson Sports*, 44 B.R. 280, 282 (N.D.Ill. 1984); *United States v. Driscoll's Towing Service (In re Driscoll's Towing Service)*, 51 B.R. 990, 991 (S.D.Fla.1985); *Mohawk Indus. v. United States (In re Mohawk Indus.)*, 55 B.R. 284, 288 (Bankr.D.Mass. 1985).

Other courts have granted standing to the corporate debtor in chapter 11 cases upon proof of an allegation that the IRS's collection activities threaten "the practical ability of the debtor-corporation to reorganize...." *Herbie K's, Inc. v. Internal Revenue Service (In re Herbie K's, Inc.)*, 57 B.R. 468, 470 (Bankr.W.D.La.1985); *accord, In re Original Wild West Foods*, 45 B.R. 202, 205 (Bankr.W.D.Tex.1984); *Campbell Enter. v. United States (In re Campbell Enter.)*, 66 B.R. 200, 204 (Bankr. D.N.J.1986); *Datair Systems Corp. v. Starkey (In re Datair Systems Corp.)*, 37 B.R. 690, 694 (Bankr.N.D.Ill.1983); *O.H. Lewis Co. v. United States (In re O.H. Lewis Co.)*, 40 B.R. 531, 533 (Bankr.D.N.H. 1984); *Jon Co. v. United States (In re Jon Co.)*, 30 B.R. 831, 834 (D.Colo.1983); *William Netherly, Inc. v. United States (In re William Netherly, Inc.)*, 53 B.R. 856, 858–59 (Bankr.M.D.Fla.1985).

In a chapter 7 case it is difficult to envisage a situation where a corporate debtor would have standing to be heard on the designation of dividend payments. There is no reorganization involved, and the debtor has no interest in estate property. *Cf. In re Goodwin's Discount Furniture*, 16 B.R. 885, 887–88 (Bankr. 1st Cir.1982) (chapter 7 debtor does not have standing to appeal a bankruptcy court order pertaining to property of the estate). The only court

to hold that a corporate debtor had standing to seek an order directing application of payments by a chapter 7 trustee, *In re Vermont Fiberglass*, 76 B.R. 358, 368 (Bankr.D.Vt.1987), was reversed by the district court. *See* 88 B.R. 41 (D.Vt.1988).

I conclude that the debtor lacks standing to seek a court order directing how the IRS shall apply dividend payments it receives from the trustee. The debtor, where the corporate veil cannot be disregarded, has no personal stake in how the IRS applies the estate payments, and its motion, therefore, does not present a justiciable controversy.

## V.

■ Even if the debtor had standing, it would not prevail on the merits. The IRS and the debtor concur that the question of whether this court should order the IRS to apply the trustee's payment in accordance with the debtor's motion depends upon whether the trustee's payment to the IRS may be deemed a voluntary or involuntary payment.

"When a taxpayer makes voluntary payments to the IRS, he has a right to direct the application of payments to whatever type of liability he chooses." *Muntwyler v. United States*, 703 F.2d 1030, 1032 (7th Cir.1983). "[W]here the payment is 'involuntary,' the IRS allocates the payments as it sees fit, applying the payment first to non-trust fund taxes." *In re Technical Knockout Graphics*, 833 F.2d 797, 799 (9th Cir.1987); *accord, United States v. De Beradinis*, 395 F.Supp. 944, 952 (D.Conn.1975), *aff'd mem.*, 538 F.2d 315 (2d Cir.1976). The universally accepted definition of "involuntary payment" is the one set forth by the U.S. Tax Court in *Amos v. Commissioner of Internal Revenue*, 47 T.C. 65, 69 (1966): "An involuntary payment of Federal taxes means any payment received by agents of the United States as a result of distraint or levy or from a legal proceeding in which the Government is seeking to col-

lect its delinquent taxes or file a claim therefor." *Amos*, 47 T.C. at 69.

Although there are some bankruptcy court decisions in other circuits to the contrary, the Third, Sixth and Ninth Circuits have held that tax payments by a debtor in a chapter 11 case are involuntary, and the debtor may not instruct the IRS as to the application of those payments. *In re Ribs-R-Us*, 828 F.2d 199, 203 (3d Cir.1987); *In re Ducharmes & Co.*, 852 F.2d 194, 196 (6th Cir.1988) (*per curiam*); *In re Technical Knockout Graphics*, 833 F.2d 797, 802–3 (9th Cir.1987).[2]

The majority rule in chapter 7 cases, which will be followed here, is that payments made to the IRS by a chapter 7 trustee are involuntary. The payments are held to be the result of a "legal proceeding" within the meaning of the definition set forth in *Amos, supra. See In re Vermont Fiberglass*, 88 B.R. 41, 43 (D.Vt. 1988) (A liquidation pursuant to chapter 7 is a judicial action sufficient to make the debtor's payment involuntary); *In re Office Dynamics*, 39 B.R. 760, 762 (Bankr.N. D.Ga.1984); *Girard v. United States (In re Girard)*, 57 B.R. 66, 69 fn. 3 (Bankr.E.D. Mich.1985); *In re Obie Elie Wrecking Co.*, 35 B.R. 114, 115 (Bankr.N.D.Ohio 1983).

The debtor relies solely upon *In re Frank Meador Buick*, 85 B.R. 392 (Bankr. W.D.Va.1988), *app. pending*, No. CA 88–349 (W.D.Va.), in which a bankruptcy court held that under "the equities" of the case involving IRS intransigence, a chapter 7 trustee's payments to the IRS were voluntary and to be applied in accordance with the court's order. *Frank Meador Buick* also relied heavily upon the bankruptcy court's decision in *In re Vermont Fiberglass*, reversed by the district court after *Frank Meador Buick* was decided. *Frank Meador Buick's* additional reasoning that the fact that the IRS had not commenced pre-petition litigation rendered payments by a chapter 7 trustee voluntary is not

---

**2.** The Eleventh Circuit has held that the question of whether to permit a chapter 11 debtor to direct application of payments made to the IRS should be determined on a case-by-case basis. However, the Eleventh Circuit's decision has

been vacated by the Supreme Court. *In re A & B Heating & Air Conditioning*, 823 F.2d 462 (11th Cir.1987), *vacated, —— U.S. ——, 108 S.Ct. 1724, 100 L.Ed.2d 189 (1988).*

persuasive. As *Amos* points out, the concept of an involuntary payment will include a payment made pursuant to "a legal proceeding in which the Government is seeking to collect its delinquent taxes or file a claim therefor." *Amos*, 47 T.C. at 69.

### VI.

In summary, the debtor lacks standing to raise its objection. Even if the debtor had standing, the trustee's payments to the IRS are deemed involuntary ones and may be applied at the IRS's discretion. Accordingly, the debtor's objection must be, and hereby is, overruled.