In re Norman V. LEONARD, Debtor.

Henry W. BISHOP, Plaintiff,

v.

UNITED STATES of America; Internal Revenue Service; and Richard Belford, Trustee, Defendants.

Bankruptcy No. 5–85–00136.
Adv. No. 5–88–0077.

United States Bankruptcy Court,
D. Connecticut.

March 28, 1990.

**68**

James C. Graham, Brenner, Saltzman, Wallman & Goldman, New Haven, Conn., for plaintiff.

Merrel B. Green, U.S. Dept. of Justice, Tax Division, Washington, D.C., for U.S.

## MEMORANDUM AND ORDER ON MOTIONS OF UNITED STATES TO DISMISS ADVERSARY PROCEEDING AND TO WITHDRAW PROOF OF CLAIM

ALAN H.W. SHIFF, Bankruptcy Judge.

### BACKGROUND

From an undisclosed time in 1982 through March, 1984, the debtor and Robert McLeod were active in a business known as Norman Leonard Enterprises, Inc. ("NLE"). When NLE failed to pay employee withholding[1] and social security taxes[2] for the quarters ending December 31, 1982, September 30 and December 31, 1983, and March 31, 1984, the Internal Revenue Service ("IRS") assessed "responsible person"[3] liability pursuant to 26 U.S.C. § 6672 against the debtor and McLeod for the "trust fund"[4] portions of the unpaid taxes. Section 6672 provides:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

From an undisclosed time in 1983 through March, 1984, the debtor and McLeod operated a business known as Ye Olde Quick Copy of Wolcott, Inc. ("Quick Copy"). When Quick Copy failed to pay employee withholding and social security taxes for the calendar quarters ending June 30, September 30, and December 31, 1983, and March 31, 1984, the IRS assessed

---

1. 26 U.S.C. § 3402(a)(1) provides in part: "[E]very employer making payment of wages shall deduct and withhold upon such wages a tax determined in accordance with tables or computational procedures prescribed by the Secretary." 26 U.S.C. § 3403 provides: "The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment."

2. 26 U.S.C. § 3101(a) imposes a social security tax on the income of every individual. 26 U.S.C. § 3102 provides in part:

    (a) **Requirement.**—The tax imposed by section 3101 shall be collected by the employer of the taxpayer, by deducting the amount of the tax from the wages as and when paid....

    (b) **Indemnification of employer.**—Every employer required so to deduct the tax shall be liable for the payment of such tax, and shall be indemnified against the claims and demands of any person for the amount of any such payment made by such employer.

3. 26 U.S.C. § 6671(b) provides:

    **Person defined.**—The term "person", as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs.

    Case law has refined this statutory definition into the term of art "responsible person", which is a person who has the effective power to collect and pay the required taxes. *Hochstein v. United States*, 713 F.Supp. 119, 123 (S.D.N.Y. 1989).

4. 26 U.S.C. § 7501(a) provides:

    Whenever any person is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States. The amount of such fund shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including penalties) as are applicable with respect to the taxes from which such fund arose.

§ 6672 responsible person liability against the debtor and McLeod for the trust fund portions of the unpaid taxes.

In the fall of 1984, the plaintiff became an officer of a third business venture, Consolidated Graphics, Inc. ("Consolidated"), which was operated by the debtor and McLeod. When Consolidated failed to pay employee withholding and social security taxes for the calendar quarters ending September 30 and December 31, 1984, and March 31, 1985, the IRS assessed § 6672 responsible person liability against the plaintiff, the debtor, and McLeod for the trust fund portions of the unpaid taxes.

On March 6, 1985, the debtor filed a petition under chapter 7 of the Bankruptcy Code. On April 16, 1986, the IRS filed a proof of claim based upon the debtor's liabilities under § 6672. The proof of claim was amended on October 14, 1987, further amended on April 5, 1988 (the "second amended claim"), and is now in the aggregate amount of $67,306.99. That total is based upon the debtor's liability for the three businesses as follows: NLE—$9,683.06; Quick Copy—$32,041.96; and Consolidated—$25,581.97.

■ The trustee liquidated the estate and now holds net proceeds of $37,891.60 (the "fund"). When the trustee sought authorization to distribute the fund to the IRS on account of its § 507(a)(7) priority claim, the plaintiff filed an April 8, 1988 motion, seeking an order directing the trustee to allocate the fund on a pro rata basis among the debtor's liabilities for the three business entities, thereby preventing the IRS from attributing the distribution solely to the NLE and Quick Copy liabilities. The plaintiff contended that such an order was mandated by Code § 726(b) [5] because the IRS in fact had three separate claims and that such an allocation would reduce his responsible person liability by approximately $14,000.00. Following the IRS' objection to that motion, the plaintiff commenced the instant adversary proceeding which seeks a declaratory judgment that the fund be allocated on a pro rata basis.[6]

On September 12, 1988, the IRS filed a motion to dismiss this adversary proceeding, contending that the plaintiff was not a party in interest and therefore lacked standing. On October 20, 1988, an order entered denying the IRS' motion:

[I]f Bishop pays a portion of IRS' claim against Debtor he will be a creditor of this estate by virtue of his entitlement to contribution and/or subrogation.... Bishop will have and will undoubtedly assert a claim for contribution against Debtor's estate.... Accordingly, Bishop is a creditor of this estate and, as such, is a party in interest with respect to treatment of IRS' proofs of claim.

**5.** Code § 726(b) provides in part:

Payment on claims of a kind specified in paragraph (1), (2), (3), (4), (5), (6) or (7) of section 507(a) of this title ... shall be made pro rata among claims of the kind specified in each such particular paragraph....

**6.** When a taxpayer makes an involuntary payment, tax regulations permit the IRS to allocate that payment in its discretion. *Muntwyler v. United States,* 703 F.2d 1030, 1032 (7th Cir. 1983). *See also United States v. DeBeradinis,* 395 F.Supp. 944, 952 (D.Conn.1975), *aff'd,* 538 F.2d 315 (2d Cir.1976). "[A] liquidation undertaken by a court appointed trustee pursuant to the dictates of Chapter 7 of the Bankruptcy Code and requiring court confirmation is a 'judicial action' sufficient to make the debtor's payment 'involuntary.'" *Matter of Office Dynamics, Inc.,* 39 B.R. 760, 762 (Bankr.N.D.Ga. 1984). *See also In re Vermont Fiberglass, Inc.,* 88 B.R. 41, 43–44 (D.Vt.1988). Thus, absent Code § 726(b) the IRS could allocate the fund, and this court arguably would not have jurisdiction to rule on the allocation. *In re Vermont Fiberglass, supra,* 88 B.R. at 44–45. *But see Internal Revenue Serv. v. Energy Resources Co., Inc. (In re Energy Resources Co., Inc.),* 871 F.2d 223, 230–34 (1st Cir.1989) (bankruptcy court may order IRS to allocate involuntary payment made by Chapter 11 debtor so as to increase the likelihood of rehabilitation), *cert. granted sub nom., United States v. Energy Resources Co., Inc.,* — U.S. ——, 110 S.Ct. 402, 107 L.Ed.2d 369 (1989).

The plaintiff's cause of action arises under Code § 726(b). I find that this proceeding is a core proceeding, *see* 28 U.S.C. § 157(b)(2)(A), (O); *Wood v. Wood (Matter of Wood),* 825 F.2d 90, 97 (5th Cir.1987) ("If the proceeding involves a right created by the federal bankruptcy law, it is a core proceeding...."), and that this court has jurisdiction. *See* 28 U.S.C. § 1334(b). *See also Answer of United States* ¶ 2.

October 20, 1988 *Order Denying Defendant United States' Motion to Dismiss,* at 7.[7]

On July 10, 1989, the IRS filed the instant motion to dismiss, arguing that if it is determined that its second amended claim constitutes a single claim, it may further amend it without leave of court to eliminate the debt related to Consolidated (the "Consolidated claim"). On July 18, 1989, the IRS filed a third amended proof of claim (the "third amended claim"), which asserts responsible person liability against the debtor only as to NLE and Quick Copy. The third amended claim is for a total of $38,656.98. On September 13, 1989, the IRS filed an "Alternative Motion for Leave to Withdraw Deemed Proof of Claim" to bolster its July 10 motion, arguing that if it is determined that it has three proofs of claim, it may withdraw the Consolidated claim without leave of court or, in the alternative, if leave is required, it should be granted. Thus, the IRS now argues that its motion to dismiss should be granted because its third amended claim, which has not been objected to and is therefore allowed, *see* 11 U.S.C. § 502(a), is a single claim which does not include the Consolidated claim. The IRS further argues that dismissal would be appropriate even *if* its third amended claim had not been filed and its second amended claim were determined to be three separate claims, including the Consolidated claim, because it has the right to withdraw that claim. In either case, the IRS contends that the debtor's liability for Consolidated would be eliminated, the plaintiff's standing would be extinguished, and the controversy before this court would be terminated.

The plaintiff responds that the IRS needed court approval to file its third amended claim and that it would be an abuse of the court's discretion to allow that claim; but that if the amendment were allowed, he should be permitted under Rule 3005(a) to restore the Consolidated claim. The plaintiff also argues that despite its label, the second amended claim is in fact three separate claims, including the Consolidated claim; that the IRS does not have the right under Bankruptcy Rule 3006 to withdraw the Consolidated claim; and that it should not be allowed to withdraw that claim at this late date unless he is permitted to restore it under Rule 3005(a).

The IRS counters that Rule 3005(a) only allows an entity that is or may be liable with the debtor to file a proof of claim on behalf of a creditor within a prescribed time if that creditor has not done so and that it will be too late for the plaintiff to file a claim when the IRS eliminates the Consolidated claim. The IRS also contends that the plaintiff is not liable for the taxes with the debtor because the plaintiff is responsible for the entire amount of the § 6672 liability.

## DISCUSSION

### I.

▪ The IRS' argument that it has a single claim rather than three claims against the debtor is unpersuasive. Although the parties have not identified any authority and none has been found which expressly addresses the issue of whether a proof of claim in fact constitutes more than a single claim, the analysis employed by courts in determining whether to allow an amendment to a timely filed claim after the bar date is helpful. Such courts have examined whether an amendment is in fact a different claim rather than a modification of the original claim. The critical factor in that inquiry is an assessment of the nature of the claims, which turns on whether the original claim and the proposed amendment have a common origin. *In re Robert Stone Cut Off Equipment, Inc.,* 98 B.R. 158, 161 (Bankr.N.D.N.Y.1989); *In re Hanscom Retail Foods, Inc.,* 96 B.R. 33, 35 (Bankr.E.D. Pa.1988) ("An attempt by the IRS to add a new type of tax after the bar date is generally disallowed."); *In re Overly–Hautz Co.,* 57 B.R. 932, 936 (Bankr.N.D. Ohio

---

**7.** The District Court in *Swift v. Levesque,* 614 F.Supp. 172, 175–78 (D.Conn.1985), held that under Connecticut law, a responsible person has a right of contribution against other responsible persons for amounts paid in excess of his proportionate share of the total § 6672 obligation.

1986), *aff'd*, 81 B.R. 434 (N.D. Ohio 1987).[8] The debtor's liabilities to the IRS arose out of the seperate acts of three distinct legal entities during three different time periods and may be subject to different defenses. I accordingly conclude that the IRS has three, not one, claims against the debtor.

Because I conclude that the IRS' claim against the debtor as a responsible person for the Consolidated claim is a separate claim, it is not necessary to determine whether the IRS may amend its second amended claim, and its motion to dismiss, which relies upon such an amendment, should be denied. The same result would follow, however, even if it were determined that the IRS' claim is a single claim with three parts.

■ Parenthetically, it is observed that the IRS is incorrect that an amendment of a claim may be allowed without leave of court. *United States v. Kolstad (In re Kolstad)*, 101 B.R. 492, 494 (Bankr.S.D. Tex.1989); *In re W.T. Grant Co.*, 53 B.R. 417, 420 (Bankr.S.D.N.Y.1985) ("amendments are not automatic"). In determining whether to permit an amendment, courts commonly apply a two part test. First, it must be determined whether the proposed amended claim is reasonably related to a timely filed claim. An amendment will not be allowed if it is merely a guise for an attempt to file a new claim. *Associated Container Transp. (Austl.) Ltd. v. Black & Geddes, Inc. (In re Black & Geddes, Inc.)*, 58 B.R. 547, 553 (S.D.N.Y.1983); *Venhaus v. Wilson (In re Wilson)*, 96 B.R. 257, 262 (9th Cir. BAP 1988) *supra*, 58 B.R. at 553; *In re Robert Stone Cut Off Equip. Inc.*, *supra*, 98 B.R. at 160. Second, the court should determine whether allowing the amendment would be equitable. *In re Black & Geddes, Inc.*, *supra*, 58 B.R. at 553; *In re Wilson*, *supra*, 96 B.R. at 262.

Particularly important factors in the latter inquiry are whether other claimants[9] might be prejudiced by an amendment and whether there is a justification for the movant's failure to properly file its proof of claim within the relevant time period. *In re Black & Geddes*, *supra*, 58 B.R. at 553; *In re Wilson*, *supra*, 96 B.R. at 262. Ordinarily, in the absence of prejudice to the opposing party or some other contrary equitable consideration, amendments to claims are allowed. *United States v. Int'l Horizons, Inc. (In re Int'l Horizons, Inc.)*, 751 F.2d 1213, 1216 (11th Cir.1985). Because I conclude in Part II of this discussion that the plaintiff could file a claim under Rule 3005(a) on behalf of the IRS if the IRS were permitted to eliminate the debtor's liability on the Consolidated claim by amendment, *see infra* 72–73, I now conclude that the third amended claim should not be allowed because any benefit to the IRS would be nullified by the restoration of that claim.[10]

Assuming as I do that the IRS has three claims, its argument that it can withdraw the Consolidated claim without court approval is untenable. Bankruptcy Rule 3006 provides:

> A creditor may withdraw a claim as of right by filing a notice of withdrawal, except as provided in this rule. If after a creditor has filed a proof of claim ... a complaint is filed against that creditor in an adversary proceeding, ... the creditor may not withdraw the claim except on order of the court after a hearing on notice to the trustee or debtor in possession, and any creditors' committee selected pursuant to §§ 705(a) or 1102 of the Code. The order of the court shall contain such terms and conditions as the court deems proper.

---

**8.** It is noted that courts have found that an attempt by the IRS to add additional quarters or years for the same type of tax is not a new claim. *See In re Hanscom Retail Foods, Inc.*, *supra*, 96 B.R. at 36.

**9.** *See supra* note 7 and accompanying text.

**10.** I note that it is not the case "that a more liberal standard should be applied when decid-

ing whether to allow tax claim amendments than other creditor amendments. 'The fact that the claim is a tax claim or other public or governmental claim is immaterial, as such claims are no longer specially annointed....'" *In re Hanscom Retail Foods, Inc.*, *supra*, 96 B.R. at 36 (quoting 2 *Remington on Bankruptcy* ¶ 893–95, at 357 (1956)).

The Advisory Committee Note to Rule 3006 provides that that rule "vests discretion in the court to grant, deny, or condition the request of a creditor to withdraw" a claim. The Note further provides that Rule 3006 "recognizes the applicability of the considerations underlying Rule 41(a) F.R.Civ.P. to the withdrawal of a claim after it has been put in issue by an objection."

Rule 41(a)(2) Fed.R.Civ.P. provides that if an answer or a motion for summary judgment has been served by the defendant, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." It is well settled that the purpose of Rule 41(a)(2) is to prevent voluntary dismissals which unfairly affect the defendant. *Conafay v. Wyeth Laboratories*, 841 F.2d 417, 419 (D.C.Cir.1988); *S.A. Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986); *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856–57 (11th Cir.1986). Employing the same rationale used in discussing the plaintiff's Rule 3005(a) rights if the IRS were permitted to amend, I conclude that allowing the IRS to withdraw the Consolidated claim would serve no useful purpose and will not be permitted.

## II.

█ Bankruptcy Rule 3005(a) provides in part:

If a creditor has not filed a proof of claim pursuant to Rule 3002 or 3003(c), an entity that is or may be liable with the debtor to that creditor, or who has secured that creditor, may, within 30 days after the expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c) whichever is applicable, execute and file a proof of claim in the name of the creditor, if known, or if unknown, in the entity's own name.

The date for filing proofs of claim passed over three years ago. Bankruptcy Rule 9006(b)(1) provides in part:

[W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Excusable neglect is most commonly found where the delay in performing the required act was beyond the reasonable control of the person whose duty it was to perform that act. *Dix v. Johnson (In re Dix)*, 95 B.R. 134, 138 (9th Cir. BAP 1988); *Cohen v. Lopez (In re Lopez)*, 39 B.R. 433, 437 (Bankr.D.R.I.1984); *Siegel v. Bahre (In re Bahre)*, 30 B.R. 367, 368 (Bankr.D. Conn.1983). It is clear from the plain language of Rule 3005(a) that an entity liable with the debtor can only file a proof of claim on behalf of a creditor if that creditor has not done so. If a creditor could foreclose a co-debtor from filing a claim under Rule 3005(a) by filing a claim and then withdrawing it after the bar date has passed, the rights granted under Code § 501(b) [11] and Rule 3005(a) would be illusory. The IRS cannot have it both ways. It seeks to remove the Consolidated claim from this case through amendment or withdrawal, procedures which require a balancing of equitable considerations. At the same time, it insists that the plaintiff should be time barred from exercising rights it would have had but for the IRS' action. I find that such a result would be grossly inequitable. If the plaintiff is liable with the debtor, *see infra,* he would not be time barred from filing a proof of claim on the IRS' behalf if it were allowed to amend or withdraw the Consolidated claim.

█ The IRS argues that since it may assert its entire claim against one of a

---

**11.** Code § 501(b) provides:

If a creditor does not timely file a proof of such creditor's claim, an entity that is liable to

such creditor with the debtor, or that has secured such creditor, may file a proof of such claim.

number of jointly and severally liable responsible persons, *Brown v. United States,* 591 F.2d 1136, 1142 (5th Cir.1979) ("[T]he liability of responsible officers for the penalty provided in § 6672 is joint and several...."); *Hartman v. United States,* 538 F.2d 1336, 1340 (8th Cir.1976), Rule 3005(a), which is premised upon the joint liability of a debtor and another entity, is not applicable. But the very nature of joint and several liability defeats the logic of that position. Joint and several liability means that there is more than one debtor obligated to a creditor who may collect a debt from either or both but not in an amount that exceeds the total obligation. *See Emshwiller v. United States,* 565 F.2d 1042, 1047 (8th Cir.1977); *Newsome v. United States,* 431 F.2d 742, 745 (5th Cir.1970).[12] Thus, under § 6672 responsible persons are co-debtors equally responsible for one debt. *Swift v. Levesque,* 614 F.Supp. 172, 178 (D.Conn.1985). The plaintiff is an entity liable with the debtor to the IRS within the meaning of Code § 501(b) and Rule 3005(a). *See In re Wedtech Corp.,* 87 B.R. 279, 284 (Bankr.S.D.N.Y.1988) (joint tortfeasor is liable on a debt with the debtor and authorized to file in the name of the creditor).

## CONCLUSION

For the foregoing reasons, the IRS' motion to dismiss, which is premised upon the allowance of the third amended claim, is denied; the IRS' alternative motion to withdraw the Consolidated claim is denied; and

IT IS SO ORDERED.

---

**12.** Contrary to the IRS' assertion, amounts paid by the estate will reduce the plaintiff's § 6672 liability. *E.g., Emshwiller, supra,* 565 F.2d at 1047; *Hill, Christopher and Phillips, P.C. v. United States Postal Serv.,* 535 F.Supp. 804, 810 (D.D. C.1982).