**Thomas VENETTIS, Plaintiff and Counter–Defendant,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 90–CV–70944–DT.**

United States District Court, E.D. Michigan, S.D.

July 3, 1991.

Burton H. Schwartz, Farmington Hills, Mich., for plaintiff and counter-defendant.

John A. Lindquist, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C. and Asst. U.S. Atty. Peter A. Caplan, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

This matter is before the Court on defendant's motion for reconsideration of a May 3, 1991 Memorandum Opinion and Order denying defendant's motion for summary judgment.

## FACTS

The following facts are a brief summary of the May 3, 1991 Opinion. On May 9, 1985, an involuntary bankruptcy proceeding was filed against the THA Corporation. The internal revenue service ("IRS") filed a proof of claim against THA's Chapter 7 Bankruptcy Estate seeking pre-petition employment taxes in the amount of $163,473.85. The debtor corporation's estate paid $104,143.64 to the IRS.

Plaintiff, Thomas Venettis, as president of the THA Corporation, was assessed a 100% penalty for willful failure to collect, account for and pay withheld FICA and income taxes due from THA Corporation. This 100% assessment totaled $97,638.06. The IRS brought this assessment pursuant to § 6672 of the Internal Revenue Code.[1]

Plaintiff brought this suit claiming a refund and contesting the amount of his liability. According to plaintiff, the IRS wrongfully classified the payments from the THA corporation's Chapter 7 Bankruptcy Estate as involuntary payments. This determination that the payments were involuntary allowed the IRS to first apply the payments to non-trust fund liabilities instead of trust fund liabilities. Thus, plaintiff remained liable on the trust fund taxes. According to plaintiff, the IRS incorrectly determined that the payments were involuntary.

## OPINION

■ In a motion for reconsideration, the movant must demonstrate a palpable defect by which the court and the parties have been misled and also show that a different disposition of the case must result from a correction thereof. E.D. MI Local Rule 17(m)(3). Motions for reconsideration which present the same issues already

---

1. The Internal Revenue Code requires an employer to collect and pay FICA taxes and income taxes for employees and establishes employer liability for non-payment of these withheld taxes. Such taxes are referred to as "trust fund taxes" since the Internal Revenue Code requires employers to hold the funds in "a special fund in trust for the United States." The 100% penalty makes employers liable for failure to withhold and pay those trust fund taxes.

ruled upon by the court either expressly or by reasonable implication will not be granted. *Id.* Motions for reconsideration must also be served not later than 10 days from the date of entry of the order or judgment objected to. E.D. MI Local Rule 17(m)(1).

■ In this instance, defendant filed its motion for reconsideration in an untimely fashion. However, pursuant to Fed. R.Civ.P. 6 and in the interest of justice, this Court has accepted defendants late motion.

In its Memorandum Opinion and Order, this Court concluded that payments made to the IRS by a Chapter 7 trustee were involuntary payments. (Memorandum Opinion and Order, pg. 5 citing to *Girard v. United States,* 57 B.R. 66, 69 fn. 3, (Bankruptcy E.D.Mich.1985); *In re Mr. Marvin's Inc.,* 48 B.R. 279 (E.D.Mich.1984); *Matter of 26 Trumbull Street,* 96 B.R. 419 (Bankruptcy D.Conn.1989)). Furthermore, this Court concluded that liquidations by court approved trustees pursuant to Chapter 7 have also been determined to be involuntary since judicial action was sufficient to make a debtor's payment involuntary. (Memorandum Opinion and Order, pg. 5 citing to *In re Technical Knockout Graphics, Inc.* 833 F.2d 797, 799 (9th Cir.1987); *Muntwyler v. United States,* 703 F.2d 1030, 1032 (7th Cir.1983)).

Despite this overwhelming authority indicating that the IRS correctly classified the payments from the THA Corporation's Chapter 7 Bankruptcy Estate as involuntary, this Court was willing to accept plaintiff's plea for an equitable analysis of the totality of the circumstances in this case. Such analysis would have allowed the Court to determine based on the totality of circumstances whether payment was voluntary or involuntary. The unique facts of this case as previously set forth in this Court's Memorandum Opinion and Order were persuasive in this Court's decision to consider the facts and circumstances of this case.

The basis for plaintiff's equitable analysis consideration stems from *In re A & B Heating & Air Conditioning, Inc.,* 53 Bankruptcy 54 (Bankruptcy N.D. Florida 1985); 823 F.2d 462 (11th Cir.1987); 486 U.S. 1002, 108 S.Ct. 1724, 100 L.Ed.2d 189 (1988). (Vacated and remanded for consideration of mootinous question). In its motion for reconsideration, defendant argues that the Sixth Circuit has considered the *In re A & B Heating & Air Conditioning* decision and has not elected to follow its reasoning. Instead, the Sixth Circuit has followed the Third and Ninth Circuits which have held that payments made to the IRS on pre-petition tax liabilities by a Chapter 11 debtor should be considered "involuntary payments." As a result, such payments need not be allocated to first pay the debtor's trust fund liabilities. *In re DuCharmes & Co.,* 852 F.2d 194, 196 (6th Cir.1988).

■ In the case before this Court, the payments were made through a Chapter 7 Bankruptcy Estate as opposed to a Chapter 11 Plan of Reorganization. Defendant submits that if payments made pursuant to a Chapter 11 Reorganization Plan are deemed involuntary, then it certainly must follow that payments made in a Chapter 7 proceeding are also involuntary. This Court agrees. (See May 3, 1991 Memorandum Opinion and Order, pg. 5). This Court only looked beyond the legal precedent due to the existence of possible equitable relief. However, it appearing that the Sixth Circuit has failed to recognize plaintiff's equity argument, this Court must vacate its May 3, 1991 Memorandum Opinion and Order and grant defendant's motion for reconsideration.

The Sixth Circuit specifically addressed the possibility of considering equitable factors and clearly rejected an argument for discretion to decide on a case-by-case basis whether a debtor may allocate tax payments in a Chapter 11 Reorganization Plan. Instead, the Sixth Circuit relied solely on case law which determined that Chapter 11 payments were involuntary. *In re DuCharmes & Co.,* 852 F.2d at 196.

## CONCLUSION

Based on the foregoing, this Court improvidently failed to consider the relevant Sixth Circuit ruling relating to this matter.

Accordingly, a palpable defect existed in the Court's prior Memorandum Opinion and Order which upon correction necessitates a different outcome. The IRS correctly determined that the THA Corporation payments were involuntary. As a result, the IRS correctly applied those payments to non-trust fund liabilities. Therefore, this Court concludes that no genuine issues of material fact exist for trial. Accordingly, this Court hereby VACATES its Memorandum Opinion and Order dated May 3, 1991. This Court GRANTS defendant's motion for reconsideration and defendant's motion for summary judgment.

IT IS SO ORDERED.