**In re SENECA BALANCE, INC. a/k/a Seneca Air Balance, Debtor.**

**Bankruptcy No. BK 86–12000 C.**

United States Bankruptcy Court, W.D. New York.

Feb. 15, 1990.

Andrew D. Plepler, Chief, Civ. Trial Section, Northern Dist., Washington, D.C., for U.S.

Joseph Sakowski, Elma, N.Y., for debtor, Seneca Balance, Inc.

JOHN W. CREAHAN, Bankruptcy Judge.

The debtor, Seneca Balance, has filed objections to the claim of the Internal Revenue Service (IRS). The proof of claim filed by the IRS states that the debtor is obligated to the government in the total sum of $434,097.54. Of that total, $159,-582.12 is asserted as a secured claim by virtue of a series of tax liens filed pre-petition. The sum of $265,275.62 is indicated as an unsecured priority claim and the balance of $9239.84 as a general claim for penalties due on the unsecured claim.

The objection recites that by virtue of encumbrances against the debtor's assets, superior to those of the IRS, and according to the terms of a post-petition agreement between the debtor, the IRS and senior lienholders, the IRS secured claim is in an amount substantially less than asserted. The agreement supposedly limits the IRS security to 15% of the value of the debtor's assets. The debtor alleges that these assets are worth less than $200,000. The Court has no evidence with respect to the agreement or the value of the collateral.

The final aspect of the debtor's objection concludes that the IRS secured claim, "is under $30,000 and the balance should be reclassified as a priority claim exclusive of the claimed $11,307.43 secured penalties and interest on said secured penalty, which should be reclassified as an unsecured general claim...." It is the debtor's proposed treatment of the *penalty portion* of the IRS claim at which they take umbrage. This is the only issue which was addressed at the hearing on the objection. The IRS argues that it can "classify the $11,307.43 penalty as part of its secured claim in order to maximize its recovery as a creditor."

Much of the argument advanced by the IRS is somewhat beside the point. The right of a creditor, to amend an earlier filed proof of claim to accurately reflect the status of a debtor's obligation, has not been seriously questioned. The vitality of a valid tax lien, which includes penalties and interest on the same, has been historically respected by the Legislature and the Judiciary. As argued by counsel, internal rules and regulations provide that the IRS may allocate certain payments to the obligation of its choice. Whether such rules or regulations have the force of a statute binding the judiciary in bankruptcy matters, may be open to question. *See In re*

*Energy Resources Co., Inc.*, 871 F.2d 223 (1st Cir.1989). What is at issue here though, is the extent to which a creditor, be it the IRS or any other, can shuffle the various components of a claim to suit its own purposes. That it cannot do so in complete disregard of well recognized property law, would seem to be beyond doubt.

■ The proof of claim filed by the IRS has annexed to it a schedule of the elements of its "secured claim." It is composed of four separate taxes, each of which has been reduced to a discrete lien. The earliest lien was perfected on February 14, 1986. It consists of "Tax Due" of $33,-951.48, "Interest to Petition Date" of $1004.90 and "Penalty to Petition Date of $609.27. The second and third liens were both perfected on March 26, 1986. Each is also made up of "tax," "interest" and "penalty." The documents do not indicate which was "first in time." It is self-evident that each of these four liens must stand on its own. Certainly, if a third party, the State of New York for example, had perfected a tax lien against the debtor's assets on February 16, 1986, it would prime the later filed IRS liens. In that event, the IRS could hardly be heard to argue for the advancement of the penalty portion of its second, third and fourth liens to be incorporated in its first lien, ahead of the third party lien. The fact that all recorded liens are held by the IRS is of no consequence. Each lien stands on its own and is valid or invalid by itself. As stated by the Court in *In re Specialty Cartage, Inc.*, 115 B.R. 164 (Bankr.N.D.Ind. 1989), a case involving the same issue:

> We should not and cannot rearrange the different components of the secured claims by reapportioning the various amounts due, without regard to the dates the liens arose. To do so would destroy the efficacy or validity of any particular lien, to the extent its components would be subordinated to any amount secured by a subsequent lien.

It seems clear then, that if the value of the property to which the liens attach is only $30,000, as argued by the debtor, then liens two, three and four are unsecured as provided for in 11 U.S.C. § 506.

■ Assume then that the value of property available for the IRS lien is $30,000. The question remains as to the allocation of that value amongst the various components of the lien, tax, interest and penalty. While it may seem an oversimplification of the issue, it is the tax which comes first. It is the tax which is the genesis of the interest and penalty. Only if the value is adequate to cover the entire lien, should the interest and the penalty be secured.

The rationale in *Specialty Cartage* is persuasive. The reasoning expressed therein is consistent with the "historic hostility" to claims for penalties in bankruptcy proceedings as pointed out in the decision. The Court's conclusion therein, that the value of the assets "should be allocated first to the principal and interest due on account of the tax and then to any penalties" (opinion page 8) is logical in view of that traditional antagonism.

In the event that the parties are in disagreement as to the value of the debtor's assets available for allocation to the IRS liens, the Court will conduct a further evidentiary hearing on that aspect of the claim. Otherwise, the claim will be allowed as secured in the manner and to the extent set forth herein.

SO ORDERED.