### UNITED STATES of America, Appellant,

v.

### SPECIALTY CARTAGE, INC., Appellee.

**Bankruptcy No. 88–10521–REG.**

**Civ. No. F 89–208.**

United States District Court, N.D. Indiana, Fort Wayne Division.

April 11, 1990.

Eric N. Allen, Brand & Allen, Greenfield, Ind., for debtor/appellee, Specialty Cartage.

Deborah M. Leonard, Sp. Asst. U.S. Atty., Fort Wayne, Ind., for I.R.S., creditor/appellant.

### ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on appeal from the bankruptcy court's order of August 18, 1989, in which the bankruptcy court apportioned the undersecured amount of an IRS (appellant herein) claim against debtor, Specialty Cartage (appellee herein). Only one issue is presented on appeal to this court and that is whether the bankruptcy court has the legal power to choose which portion of an undersecured IRS lien claim will be relegated to unsecured status. The parties have fully briefed that issue and this court heard oral argument on March 28, 1990. The IRS has submitted additional authority which it cited at that hearing and the appeal is now ready for ruling. For the reasons set forth below, the decision of the bankruptcy court will be affirmed.

## Discussion

The facts are not in dispute in this case. Specialty Cartage owes the IRS $135,145.56 consisting of $104,553.57 in taxes and interest and $30,591.99 in penalties. The IRS has a secured interest in $117,756.51 by virtue of liens filed against Specialty Cartage prior to commencement of the bankruptcy proceedings. The IRS secured claim exceeded the value of debtor's assets, and thus, pursuant to 11 U.S.C. § 506(a), the total secured claim of IRS was determined to be $72,615.74. Since the IRS liens were undersecured, the remaining portion of the claim was treated as unsecured. The IRS claim apportioned the liens in such a way that the penalty amount due was to be treated as fully secured and the tax and interest amounts due which exceeded the security value would be treated as unsecured priority claims.

The bankruptcy court held that the IRS claim consisted of five separate tax liens based on the dates of assessment of the liabilities. The court then proceeded to reapportion the claim by applying the "first in time, first in right" priority standard to each separate lien. The court refused to divide each lien into its component parts of tax, interest and penalty, but rather stated that the entire amount of "first in time" liens would be considered secured. Recognizing that there would come a point where one lien itself would only be partially secured, the court held that apportionment of that lien amount should reflect the traditional hostility to penalty claims and the secured portion should first be allocated to the tax and interest and then to any penalties.

The IRS contends that the bankruptcy court does not possess the power or authority to apportion the IRS liens in a manner contrary to the claim filed by IRS. The IRS states that the law recognizes that where the IRS receives an involuntary payment, as it does when paid through a bankruptcy proceeding, it has the right to allocate that payment among the debtor's liabilities to it as it sees fit. *Muntwyler v. United States,* 703 F.2d 1030, 1032 (7th Cir.1983)); *In re Technical Knockout*

*Graphics, Inc.,* 833 F.2d 797 (9th Cir.1987). The IRS then argues that the same principle should apply here, allowing the IRS to determine which liabilities will be satisfied by the security, since some cannot. Although the IRS argument may support the proposition that the IRS can make these allocations, it does not support the argument that the bankruptcy court cannot. In its appellate briefs, the IRS cites *no* law in support of its proposition that the Bankruptcy Court does not possess the power or authority to make this allocation.

Specialty Cartage relies on the case of *In re Energy Resources Co., Inc.,* 871 F.2d 223 (1st Cir.1989), in which the First Circuit Court of Appeals recently held that the Bankruptcy Court has the legal power to order the IRS to allocate involuntary payments by a Chapter 11 debtor over the IRS' objections. In weighing the competing goals of the Bankruptcy Code and the Internal Revenue Code, the court stated:

We hold that " 'the allocation question in a Chapter 11 case under the Bankruptcy Code should be left to judicial discretion to be decided on a case-by-case basis.' "

*Id.* at 233. (citations omitted). Clearly, in the absence of any law to the contrary, *Energy Resources* dictates that the bankruptcy court acted within its power in allocating the IRS liens as secured and unsecured claims.

At oral argument, IRS argued that *Energy Resources* allowed the bankruptcy court to apportion the tax liens only where there had been a showing that an allocation more favorable to the debtor and less favorable to the IRS would increase the likelihood of rehabilitation. IRS argued that there was no indication in the bankruptcy court's order that it apportioned the IRS liens in such a manner as to best effectuate the debtor's plan of reorganization as required. The specific language from *Energy Resources* which dealt with the findings required by the bankruptcy court in making an apportionment is as follows:

Specifically, the bankruptcy court should make the following inquiry: upon consideration of the reorganization plan as a whole, in so far as the particular struc-

ture or allocation of payments increases the risk that the IRS may not collect the total tax debt, is that risk nonetheless justified by an offsetting increased likelihood of rehabilitation, *i.e.*, increased likelihood of payments to creditors who might otherwise lose their money? And, the standard for judging the lawfulness of any such bankruptcy court action should be similar to that applied to other bankruptcy court tax-related actions. *See, e.g., Darman v. Metropolitan Alarm Corp.*, 528 F.2d 908 (1st Cir.1976) (findings of fact by the bankruptcy judge entitled to stand unless "clearly erroneous"). In applying this test, of course, the bankruptcy court must recognize the obvious importance of satisfying tax liabilities, but where this test is satisfied, we are convinced that the bankruptcy court has the legal power to order the allocation.

*Id.* at 234.

Although the bankruptcy court did not explicitly state that it had apportioned the IRS claim in a manner which would increase the likelihood of payments to creditors, such reasoning is implicit in the order. The bankruptcy court quoted language from the Supreme Court opinion in *Simonson v. Granquist*, 369 U.S. 38, 82 S.Ct. 537, 7 L.Ed.2d 557 (1962) in which the court stated:

> [T]he broad aim of the Act [is] to provide for the conservation of the estates of insolvents to the end that there may be as equitable a distribution of assets as is consistent with the type of claims involved.
>
> \* \* \* \* \* \*
>
> Enforcement of penalties against the estates of bankrupts, however, would serve not to punish the delinquent taxpayers, but rather their entirely innocent creditors.
>
> \* \* \* \* \* \*
>
> ... we find nothing that indicates a purpose to require the general creditors of a bankrupt to suffer because of penalties designed to be inflicted upon the bankrupt himself.

*Id.* at 40–41, 82 S.Ct. at 538–39. The bankruptcy court then noted that this philosophy should be given effect in allocating the portions of the lien claim. Clearly, the bankruptcy court made the apportionment decision as it did to ensure that other creditors of the debtor would not bear the burden of debtor's tax penalties. This is all that *Energy Resources* required.

The IRS also argued at oral argument that there was very recent case law contrary to *Energy Resources* which held that the bankruptcy court did not have the power or authority to apportion the IRS claim contrary to IRS' wishes. The cases cited by the IRS were two bankruptcy court opinions issued in February, 1990.

In *In re Seneca Balance, Inc.*, 114 B.R. 378 (W.D.N.Y.1990), that court favorably cited from the bankruptcy court opinion in this case, holding that the IRS claim consisted of separate liens and applied the "first in time, first in right" formula for apportionment. The court went on to hold that where the security value only covers a portion of the amount of one lien, it is the tax which comes first. *Id.* at p. 379. The court stated that the tax must come first because "[i]t is the tax which is the genesis of the interest and penalty" and such a holding is consistent with the historic hostility to claims for penalties. *Id.* The court also acknowledged *Energy Resources* as creating at least doubt as to the binding effect of IRS internal rules and regulations on the judiciary in bankruptcy matters. *Id.* at p. 378. *Seneca Balance* clearly supports the bankruptcy court ruling in this case and is contrary to the IRS' position on appeal.

The other case cited by the IRS, *In re Otto's Tap, Inc.*, No. 87 B 30796 (E.D.Ill. February 27, 1990), is not persuasive. The court in *Otto's Tap* held that the application of Chapter 7 hostility to penalty claims to a Chapter 11 bankruptcy was inappropriate since the debtor stayed in business in a Chapter 11, and therefore, the innocent creditors would not be burdened with the cost of the penalty. That holding is apparently a determination based on the specific facts of that bankruptcy. The court, how-

ever, failed to acknowledge the case of *Energy Resources*. The court merely stated that the debtor had not identified any law which gave the court the authority to decide the manner of disposition of the IRS claim. Since *Energy Resources* specifically addresses the issue of the bankruptcy court's power in this matter, the failure to discuss that case leaves the decision in *Otto's Tap* with little persuasive value.

This court finds that the holding in *Energy Resources* is very well reasoned and persuasive. The bankruptcy court must have the authority to make allocation decisions in the best interest of the plan of reorganization. The bankruptcy court in this case acted within its authority and its factual findings were not clearly erroneous.

### Conclusion

On the basis of the foregoing, the decision of the bankruptcy court apportioning the IRS claim in a manner contrary to the wishes of IRS is hereby AFFIRMED.