## In re Joe F. LAMBERT and Susie E. Lambert, Debtors.

### Bankruptcy No. BK–90–04364–LN.

United States Bankruptcy Court, W.D. Oklahoma.

Feb. 5, 1991.

---

Kenneth C. McCoy, Oklahoma City, Okl., for debtors.

Lyle R. Nelson, Oklahoma City, Okl., for Chapter 13 Trustee.

Timothy Leonard, U.S. Atty., W.D. Okl., for I.R.S.

### ORDER ON OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

PAUL B. LINDSEY, Bankruptcy Judge.

This matter comes before the court in connection with debtors' proposed modified Chapter 13 plan, and with objections and motions to dismiss filed herein by the Internal Revenue Service ("IRS") and by the Chapter 13 Trustee.[1]  The IRS objection and motion are based primarily upon its objection to debtors' proposed application of plan payments on tax obligations, and the Chapter 13 Trustee's objection and motion are based primarily upon principles of feasibility.

The Internal Revenue Service ("IRS") has filed a secured claim in this Chapter 13 proceeding in the total amount of $86,-793.02, and it appears to be undisputed that the claim is actually secured in the amount of $66,347.37, the extent of debtors' net worth.

Debtors have proposed to amend their Chapter 13 plan to extend for a term of 59 months and to increase their monthly payments from $1,015.79 to $1,696.88. They have also requested that this court require IRS to apply their payments in inverse chronological order, in other words to apply the payments first to the most recent tax periods.  The result of this application of payments on the tax debt would be to pay in full certain priority taxes and all of the secured taxes, with interest, and to leave in excess of $20,000 in taxes unpaid.  This unpaid balance, by virtue of the inverse chronological application of pay-

---

**1.** The court is aware that the response time as to debtors' motion to modify their plan has not as yet run.  Because this court is of the view that the proposed modified plan could not be confirmed in any event, and because this case has been before the court on each of its last four monthly Chapter 13 dockets without resolution, the court deems it unnecessary to await formal responses.

ments, would be attributable to the earliest period for which taxes are unpaid, in this case, the calendar year 1985, and would be fully dischargeable. In the absence of the application of payments sought by debtors, the payments would be applied first to the earliest periods, and the approximately $20,000 unpaid at the conclusion of the plan would be attributable to the most recent periods and would be nondischargeable.

Debtors concede that their plan can not be confirmed unless the inverse chronological application of payments requested by them is ordered by the court.

Debtors rely on *United States v. Energy Resources Co, Inc.,* —— U.S. ——, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990), in which the court held, in material part, as follows:

> [A] bankruptcy court has the authority to order the Internal Revenue Service (IRS) to treat tax payments made by Chapter 11 debtor corporations as trust fund payments where the bankruptcy court determines that this designation is necessary for the success of a reorganization plan.

In *Energy Resources,* a corporate debtor obtained an order from the bankruptcy court requiring that certain payments pursuant to its Chapter 11 plan of reorganization be applied first to trust fund tax liability. The plan provided that *all* federal tax liability would be paid over a period of approximately five years. The government contended that since it had alternative sources of recovery of the trust fund taxes, the payment of those taxes first reduced the likelihood of it being paid in full. The court responded with the following statement:

> While this result might be desirable from the Government's standpoint, it is an added protection not specified in the Code itself: whereas the Code gives it the right to be assured that its taxes will be paid in six years, the Government wants an assurance that its taxes will be paid even if the reorganization fails—*i.e.,* even if the bankruptcy court is incorrect in its judgment that the reorganization plan will succeed.

In this case, debtors seek an order from this court which will go much farther than *Energy Resources,* an order which will permit debtors to discharge all of the approximately $20,000 in unsecured tax liability, ensuring that IRS will never collect any of those taxes. Whereas in *Energy Resources,* the government was seeking a guarantee that debtor's promise to pay would be honored, here debtors seek to guarantee that the government will not receive the unsecured taxes.

Further, it is clear that *Energy Resources* is distinguishable since it was dealing not with designation of the order in which payments were to be applied to certain fiscal periods, but with the type of taxes to which such payments were to be applied. *Energy Resources* contains no reference whatever to the chronological order in which payments were to be applied.

It is this court's opinion that debtors have shown no justification whatever for the relief sought by them, other than that it would permit them to avoid entirely the payment of tax liability which would in the ordinary course of things be nondischargeable. Debtors' request for an order directing that plan payments to IRS be applied to the liability for the most recent fiscal period first will therefore be denied.

In this court's further opinion, debtors' plan, as modified, could not be confirmed in any event. Debtors have not made a payment under their originally filed plan for more than four months. Thus, they are in arrears in an amount exceeding $4,000. As is noted above, the modification calls for an increase of almost $700 in their monthly payments, and for a plan term of 59 months, only one month short of the statutory maximum. *See* 11 U.S.C. § 1322(c).

Debtor Joe F. Lambert testified, in substance: That he was engaged in the heating and air conditioning business; that he had outstanding receivables from completed jobs of approximately $7,500, of which about half had been outstanding for 60 days or longer; that no more than half of those receivables, if and when collected, could be applied against his delinquent plan

payments; that he anticipated being awarded new jobs in Arizona within the next 30 to 60 days; and that receipts from those jobs could be expected no earlier than 90 to 120 days from now.

One of the requirements in order for the court to confirm a Chapter 13 plan is that "the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6). This court simply can not find on the record before it that there is any reasonable likelihood that debtors will be able to make up the amounts by which they are already delinquent, that they will be able to meet the substantially increased monthly payment requirements imposed by their modified plan, or that they will be able to complete any plan within the statutory maximum term of 60 months.

In view of the foregoing, this court must deny debtors' request for inverse chronological application of plan payments to IRS, must deny confirmation of debtors' plan, as modified, and must grant the motions to dismiss filed herein by IRS and by the Chapter 13 Trustee. The case will therefore be dismissed.

IT IS SO ORDERED.