In re **MERIDA TILES CORP.**, Debtor.

**HEFTLER REALTY CO. d/b/a
Heftler Homes, Plaintiff,**

v.

**MERIDA TILE CORPORATION and the United States of America, Department of the Treasury, Internal Revenue Service, Defendants.**

**Bankruptcy No. 91–14354–BKC–AJC.
Adv. No. 91–0919–AJC–A.**

United States Bankruptcy Court,
S.D. Florida.

July 2, 1992.

Virginia Herrero Sampo, Rollnick, Rosen & Linden, Coral Gables, Fla., for plaintiff.

Judybeth Greene, U.S. Dept. of Justice, Washington, D.C., for U.S.

Stormie Stafford, Castillo, Schweiger & Stafford, Coral Gables, Fla., for defendant, debtor.

## ORDER DENYING MOTION TO ALTER OR AMEND BY UNITED STATES

A. JAY CRISTOL, Bankruptcy Judge.

This cause came before the Court on the motion of defendant United States to alter or amend the Court's Memorandum Decision for Summary Judgment entered on March 19, 1992. The United States contends that the funds held by Heftler Realty Co. and owed to the debtor, Merida Tiles, Inc. are encumbered by federal tax liens as a result of the filing of a notice of lien by the Internal Revenue Service prior to the date the Chapter 11 petition was filed, and that the Bankruptcy Court must find the Internal Revenue Service has a secured interest in the cash and is entitled to adequate protection. The United States cites *United States v. Whiting Pools*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983) in support of its position that the cash is encumbered by a federal tax lien.

■ *Whiting Pools* is not applicable to the question of the effect of the tax lien on the cash. The property at issue in *Whiting Pools* was personal property. There was no question that the Internal Revenue Service held a secured lien in the debtor's property. *Whiting Pools*, 103 S.Ct. at 2312. The discussion in *Whiting Pools* was limited to whether the Bankruptcy Court could order turnover of property already in the hands of the Internal Revenue Service as a secured creditor. The Court did not address the Internal Revenue Service's interest in cash that belongs to the debtor but is not in the possession of the Internal Revenue Service.

■ *In re Challenge Air International, Inc.*, 952 F.2d 384 (11th Cir.1992) specifically recognized that "the administrative levy does not determine whether the government's rights to the seized property are superior to those of other claimants." *Challenge Air* at 387 (Quoting *United States v. National Bank of Commerce*, 472 U.S. 713, 721, 105 S.Ct. 2919, 2924, 86 L.Ed.2d 565 (1985). The Supreme Court has held that the general federal tax lien "creates no property rights, but merely attaches consequences, federally defined, to rights created under state law." *United States v. Bess*, 357 U.S. 51, 55, 78 S.Ct. 1054, 1057, 2 L.Ed.2d 1135 (1958). Whether the Internal Service holds a secured interest in the cash is determined by state law. The general tax lien merely defines what happens to the property if the Internal Revenue Service has an interest in the property ahead of other entities. State law determines the existence and extent of an interest in property, whereas federal law determines priority. *See, e.g. Avco Delta Corp. Canada, Ltd. v. United States*, 459 F.2d 436 (7th Cir.1972).

■ It is a fundamental concept, codified in Florida law, that an interest in cash or cash equivalents cannot be perfected absent physical possession of the cash or cash equivalent. Fla.Stat. § 679.304 (1991) (Uniform Commercial Code). *Whiting Pools* and *Challenge Air* rejected the notion that service of a notice of levy or lien was equivalent to constructive possession of cash. 952 F.2d at 386–387.

## CONCLUSION

■ An interest in cash or cash equivalents comes into existence when the cash or cash equivalents are taken into custody by the creditor. Filing a notice of lien by the Internal Revenue Service merely serves to determine the priority of the Internal Revenue Service's interest in property in which it already has a perfected interest under state law. The cash held by Heftler Realty Co. belongs to the debtor. To perfect its interest in the cash, the Internal Revenue Service was required to take actual possession of the cash prior to the date of the Chapter 11 petition. The Internal Revenue Service has merely an unperfected interest in the cash. The cash is not impressed with a federal tax lien and must be turned over to the debtor's estate without a requirement of adequate protection for the unsecured interest of Internal Revenue

Service. The motion of the United States to Alter or Amend the Summary Final Judgment is therefore denied.

DONE AND ORDERED.