**In re Charles Richard SCHILLING, Barbara Jean Schilling, Debtors.**

**Bankruptcy No. 92–60890.**

United States Bankruptcy Court, N.D. Ohio.

Jan. 23, 1995.

James L. Bickett, Asst. U.S. Atty., Akron, OH, for I.R.S.

John Hornbrook, G.S. Krainess Co. L.P.A., Canton, OH, for debtors.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

The matter before the court is a motion filed by the United States, on behalf of its agency, the Internal Revenue Service (IRS), to disburse funds presently held by the Chapter 7 trustee, Michael V. Demczyk (Trustee). After a hearing was conducted, Charles and Barbara Schilling (Debtors) filed a brief urging the allocation of the funds to their nondischargeable tax liabilities. The IRS responded, arguing that it should be able to allocate the payment to the Debtors' oldest tax liabilities, which are dischargeable.

*FACTS*

On April 13, 1992, the Debtors filed a petition for relief under Chapter 7 of Title 11 of the United States Code. On July 13, 1994, the court entered an order authorizing the compromise of a personal injury claim, scheduled as one of the Debtors' assets, for the sum of $12,000.00. The claim stemmed from an automobile accident on November 22, 1991, in which one of the Debtors, Barbara Schilling, was involved. The Trustee paid $4,000.00 of the proceeds of the settlement to the attorney who represented Barbara Schilling in the lawsuit and holds the remaining $8,000.00 pending the outcome of this matter.

The IRS filed a proof of claim against the Debtors' estate on July 7, 1994, in the amount of $13,400.36 for federal income tax liabilities, interest and penalties for the Debtors' 1987, 1988, 1989, 1990 and 1991 tax years.[1] The IRS filed tax liens prior to the Debtors' petition relating to amounts owed for the Debtors' 1987, 1988 and 1989 tax years and thus holds a secured claim in the amount of $12,090.26. The remainder of its claim is unsecured. The Debtors concede that the IRS is entitled to the remaining proceeds. The dispute, as noted, centers on the allocation of those proceeds.

Under their proposed allocation, the Debtors' 1991, 1990 and 1989 tax liabilities would be paid in full and their 1988 tax liability would be paid in part. Their remaining tax liability would consist of $3,361.74 relating to their 1987 tax year and $2,038.62 due for their 1988 tax year. Pursuant to 11 U.S.C. §§ 727, 523(a)(1) and 507(a)(7), this liability would be discharged.

Under the IRS' proposed allocation, the Debtors' 1987 and 1988 tax liabilities would be paid in full and their 1989 tax liability would be paid in part. Their remaining tax liability would consist of $4,090.26 relating to their 1989 tax year, $632.25 relating to their 1990 tax year and $677.85 relating to their 1991 tax year. Pursuant to Sections 727, 523(a)(1) and 507(a)(7), this liability would not be discharged.

---

1. The amounts relating to each year are as follows: $2,038.62 for 1987; $5,147.04 for 1988;

*DISCUSSION*

The court has jurisdiction in this matter by virtue of 28 U.S.C. § 1334(b) and General Order No. 84 entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). This Memorandum of Decision constitutes the court's findings of fact and conclusions of law pursuant to Fed. R.Bankr.P. 7052.

Although the Debtors concede the point, the court will nevertheless review the IRS' argument that it is entitled to all of the remaining proceeds. The Internal Revenue Code provides that the IRS' tax lien attaches to all the property of the Debtors. 26 U.S.C. § 6321. The Bankruptcy Code provides:

> [u]nless the case is dismissed, property exempted under [Section 522] is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except—
>
> .    .    .    .    .
>
> (2) a debt secured by a lien that is—
>
> .    .    .    .    .
>
> (B) a tax lien, notice of which is properly filed....

11 U.S.C. § 522(c)(2)(B). Thus, the IRS is entitled to all of the remaining proceeds including any proceeds which the Debtors could claim as exempt.

The only remaining issue is whether the Debtors are entitled to an order allocating the amounts to be paid to the IRS to their nondischargeable tax liabilities. As a general matter, the determination of whether a debtor is entitled to make such an allocation depends on whether the payment to the IRS is voluntary or involuntary; a debtor may allocate voluntary but not involuntary payments. *DuCharmes & Company v. State of Michigan (In re DuCharmes & Company)*, 852 F.2d 194, 196 (6th Cir.1988) (per curium) (citing *Muntwyler v. United States*, 703 F.2d 1030, 1032 (7th Cir.1983)). The United States Tax Court has provided the

$4,904.60 for 1989; $632.25 for 1990 and $677.85 for 1991.

following definition of an involuntary payment: "any payment received by agents of the United States as a result of distraint or levy or from a legal proceeding in which the Government is seeking to collect its delinquent taxes or file a claim therefor." *Amos v. Commissioner*, 47 T.C. 65, 69, 1966 WL 1102 (1966). In the bankruptcy context, courts have held that the payment by a Chapter 7 trustee to the IRS is not a voluntary payment. *In re Leonard*, 112 B.R. 67 (Bankr.D.Conn.1990); *In re Vermont Fiberglass*, 88 B.R. 41, 43–44 (D.Vt.1988); *In re Office Dynamics, Inc.*, 39 B.R. 760, 762 (Bankr.N.D.Ga.1984). Thus, absent an exception, the Debtors cannot allocate the payments made to the IRS.

The United States Supreme Court has held that a bankruptcy court may order the IRS to apply tax payments to offset trust fund obligations [2] when it concludes that such application is necessary to the success of a Chapter 11 reorganization plan. *United States v. Energy Resources Co.*, 495 U.S. 545, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990). In *Energy Resources*, a corporate debtor obtained the approval of the bankruptcy court of its Chapter 11 plan of reorganization under which certain payments to the IRS would be allocated first to trust fund tax liabilities and then to non-trust fund liabilities. Under the plan, all of the debtor's federal tax liability was to be paid over a period of approximately five years. The IRS argued that any payments should first reduce non-trust fund taxes thereby preserving its right to pursue "responsible" individuals [3] to collect any trust fund taxes.

The designation of tax payments in Chapter 11 liquidating plans or in Chapter 7 cases has generally been rejected by the courts. *See In re Suburban Motor Freight, Inc.*, 161 B.R. 640 (S.D.Ohio 1993) (holding *Energy Resources* analysis not applicable to case involving a Chapter 7 corporate debtor); *Locks v. United States Trustee*, 157 B.R. 89 (W.D.Pa.1993) (holding *Energy Resources* analysis not applicable to case involving liquidating Chapter 11 plan); *In re Gregory Engine & Machine Services, Inc.*, 135 B.R. 807 (Bankr.E.D.Tex.1992) (holding that a benefit to be realized by a Chapter 7 debtor's principals in their respective Chapter 13 reorganizations was not significant enough to permit the Chapter 7 trustee to be compelled to direct that any payments made to the IRS' claim be first applied to trust fund taxes); *In re Arie Enterprises, Inc.*, 116 B.R. 641 (S.D.Ill.1990) (holding *Energy Resources* analysis is not applicable to case involving corporate, Chapter 7 debtor and debtor, not insider of debtor, is entitled to fresh start); *but see In re Deer Park, Inc.*, 136 B.R. 815 (9th Cir. BAP 1992) (holding that the *Energy Resources* analysis applied to liquidating Chapter 11 plan), *aff'd*, 10 F.3d 1478 (9th Cir.1993) [4]; *In re Flo–Lizer, Inc.*, 164 B.R. 79 (Bankr.S.D.Ohio 1993), *aff'd*, 164 B.R. 749 (S.D.Ohio 1994) (same). However, these cases have either involved a corporate debtor that was not entitled to a fresh start or a nondebtor who was the only beneficiary of the proposed allocation. In contrast, the Debtors here are individuals who are entitled to a fresh start, and who will benefit from the proposed allocation. Thus, the court believes that it must examine the Debtors' proposed

---

**2.** The Internal Revenue Code provides that taxes required to be deducted by employers from the wages paid to employees under 26 U.S.C. §§ 3102(a) and 3402(a), such as withholding and Social Security taxes, "shall be held to be a special fund in trust for the United States." 26 U.S.C. § 7501(a). These withheld funds are commonly referred to as "trust fund" taxes. *Slodov v. United States*, 436 U.S. 238, 242–43, 98 S.Ct. 1778, 1782–83, 56 L.Ed.2d 251 (1978).

**3.** If the employer fails to pay its trust fund taxes, the Government may collect an equivalent sum directly from the officers or employees of the employer who are responsible for collecting the tax. 26 U.S.C. § 6672. These individuals are commonly referred to as "responsible" individu-

als. *Slodov v. United States*, 436 U.S. at 244–45, 98 S.Ct. at 1783–84.

**4.** In *In re Deer*, the Ninth Circuit Bankruptcy Appellate Panel specifically left open the issue of whether the Energy Resources analysis could be applied in a Chapter 7 case. *In re Deer Park, Inc.*, 136 B.R. at 818 n. 3. *See also United States v. Pepperman*, 976 F.2d 123, 131 (3d Cir.1992) (stating that "in the absence of a showing of need for a reorganization *or similar purpose*, a bankruptcy court is not free under the aegis of section 105 to direct the allocation of tax payments in contravention of the policy behind section 6672 and long-standing IRS procedure") (emphasis added).

allocation using the *Energy Resources* analysis.

In *Energy Resources,* the Supreme Court first noted that the Bankruptcy Code does not explicitly authorize the bankruptcy courts to order allocations of tax payments. *Energy Resources,* 495 U.S. at 549, 110 S.Ct. at 2142. However, the Court observed that bankruptcy courts have residual equity powers under sections 1123(b)(5) and 105 of the Bankruptcy Code and broad authority to modify creditor-debtor relationships. *Id.* (citations omitted). Third, the Court determined that the allocation order did not conflict with any provisions of the Bankruptcy Code or any other law. *Id.* at 550, 110 S.Ct. at 2142. Finally, the Court balanced the interests of the debtor in a successful reorganization and the IRS as a preferred creditor.

■ Here, Section 105 is, of course, applicable to Chapter 7 cases but Section 1123(b)(5) is not. There is no applicable Bankruptcy Code provision or any other law which would conflict with an order of allocation as the Debtors propose. However, the balance between the interests of the Debtors and those of the IRS is different in this case from that in *Energy Resources.*

A debtor's right to a fresh start is not absolute. Certain debts are excepted from discharge, indicating that Congress believes that certain policies exist which are more important than a debtor's right to a fresh start. The IRS is creditor for which Congress has provided favorable treatment. Thus, the Debtors' right to a fresh start must be balanced against the IRS' interest in the collection of tax revenue.

In the present case, the IRS, unlike in *Energy Resources,* has substantial risks relating to the payment of taxes admittedly owed to it if the Debtors' allocation scheme is adopted. In *Energy Resources,* the debtor's plan provided that its entire tax liability would be paid, albeit over time. The issue was not whether the IRS would be paid but rather which of its claims would be paid first. In the present case, if we adopt the Debtors' allocation, the IRS will never collect the $5,400.36 relating to the Debtors' 1987 tax year because that much of their obligation would be discharged. *See In re Lambert,* 124 B.R. 345 (Bankr.W.D.Okla.1991) (holding that *Energy Resources* did not permit Chapter 13 debtor to allocate payments in plan to IRS in inverse chronological order because such allocation would result in discharge of approximately $20,000 of tax liability). Thus, the risk the IRS faces in the present case relates to the payment or nonpayment of a tax debt and not to the timing of the payment of two different tax debts. This risk is much greater than that faced by the IRS in *Energy Resources.* As a result of this increased risk, the court cannot find that as a matter of equity, the Debtors' allocation should be adopted.[5]

The court concludes that the IRS is entitled to the remaining proceeds in the possession of the Trustee and may allocate such payment to the Debtors' tax years as it chooses. An order in accordance with the foregoing shall issue forthwith.

## ORDER

For the reasons set forth in the accompanying Memorandum of Decision, the court finds the motion filed by the United States, on behalf of its agency, the Internal Revenue Service (IRS), to disburse funds presently held by the Chapter 7 trustee, Michael V.

---

5. This decision is consistent with *In re Divine* in which case the bankruptcy court held that the determination of the secured status of the IRS relating to certain tax years of the debtor should be made for each lien on the basis of "first in, first out." 127 B.R. 625, 629 (Bankr.D.Minn. 1991). The court used the date the taxes were assessed to determine what tax liability was secured and what liability was left unsecured.

In the present case, the assessment dates for the Debtors' tax liabilities are as follows: March 21, 1990 for the Debtors' 1987 tax year; April 20, 1990 for the Debtors' 1988 tax year; April 26, 1991 for the Debtors' 1989 tax year and May 13, 1991 for the Debtors' 1990 tax year. The IRS was prohibited from assessing any liability for the Debtors' 1991 tax year because of the filing of their bankruptcy petition. The IRS has a secured claim in the amount of the Debtors' remaining assets, $8,000.00. Using the *Divine* approach, the IRS' claim relating to the Debtors' 1987 and 1988 tax years is fully secured and $814.34 of its claim relating to the Debtors' 1989 tax year is secured. These secured claims would be paid before the unsecured claims.

Demczyk, to be well taken and the same should be, and hereby is, **GRANTED.** The court also finds the motion of Charles Richard and Barbara Jean Schilling seeking to allocate the payment to their tax liabilities which are nondischargeable not to be well taken, and the same should be, and hereby is, **DENIED.**

The court directs the Chapter 7 trustee, Michael V. Demczyk, to distribute the personal injury settlement proceeds currently in his possession, in the approximate amount of $8,000.00, less any administrative expenses, to the Internal Revenue Service.

IT IS SO ORDERED.