**In re Robert FERGUSON and Andra P. Ferguson, Debtors.**

**Bankruptcy No. 92–20254–BKC–PGH.**

United States Bankruptcy Court, S.D. Florida.

Feb. 6, 1996.

David W. Langley, Fort Lauderdale, FL.

John T. Lortie, Plantation, FL.

Lucy C. Dibraccio, Trustee.

### ORDER DENYING DEBTORS' OBJECTION TO CLAIMS AND TO APPLICATION OF PROCEEDS

PAUL HYMAN, Jr., Bankruptcy Judge.

This matter came before the Court for hearing on January 29, 1996 on the Debtors' Objection to the Claim of the United States, Internal Revenue Service (hereinafter referred to as "IRS") and to Application of Proceeds of Claim. Upon consideration of the record and argument of counsel, the Court denies the Debtors' Objection to Claim and the Debtor's Application of Proceeds and finds that the secured claim of the IRS should be allowed in the amount of $30,013.19.

The debtors filed a Chapter 7 bankruptcy case on January 22, 1992. The IRS filed a proof of claim on or about May 13, 1992 in the amount of $376,484.32 consisting of a secured claim of $368,557.32 and a priority claim of $7,927.00. A final report of the debtors' estate was filed on March 10, 1995 showing total receipts in the estate of $35,319.78 resulting from a settlement of a preference action by the trustee. Shortly thereafter, on July 17, 1995, the trustee made a distribution of $25,803.53 towards the IRS' secured claim. On August 23, 1995, the trustee made her final distribution of $2,218.75 towards the IRS' secured claim. Pursuant to the trustee's instructions, each of these payments was applied to the debtors' income tax liability for the 1982 tax year which is a dischargeable tax liability.

The debtors subsequently filed a Chapter 13 case on November 13, 1995 and are now seeking to reallocate the payments to the IRS made by the trustee in the prior Chapter 7 case. The debtors filed an Objection to the Proof of Claim filed by the IRS, claiming that the IRS is a secured creditor only to the extent of the $1,990.90 in personal property listed on the debtors' Schedule B.

In their Objection, the debtors requested that the Court reallocate the $28,022.28 paid

to the IRS by the trustee as follows: (a) $1,990.90 to the IRS' secured claim, and (b) the balance of $26,031.37 be applied to the priority tax claim for the years 1983, 1989, 1990, 1991 and 1993. By reallocating these payments from a dischargeable tax year to a non-dischargeable tax year, the debtors seek to reduce the priority tax claim in the subsequent Chapter 13. The non-dischargeable periods are the federal income tax liabilities for a portion of the 1983, and all of the 1989, 1990 and 1993 tax years totalling $68,745.82 as of November 13, 1995.

The debtors have raised two main arguments in support of their Objection and Request to Reapply the funds paid by the trustee. First, the debtors argue that the IRS does not have a lien on the preference proceeds since the lien did not attach to the cash payments under the holding of the case of *In re Merida Tiles Corp.*, 144 B.R. 550 (Bankr.S.D.Fla.1992). The debtors also argue that this Court has the authority to modify debtor/creditor relationships by allocating $26,031.37 of the payments to priority, non-dischargeable tax debts. *United States v. Energy Resources Company*, 495 U.S. 545, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990), citing to 11 U.S.C. § 105(a).

For the following reasons, this Court finds in favor of the United States and denies the Debtors' Objection to the IRS claim and to the Application of Proceeds.

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B)(O). The Court finds that the debtors have standing to object to the IRS' claim in this proceeding.

■ The debtors contend that the IRS' tax liens did not attach to the cash payments made by the trustee as a result of the preference action. In support of their argument, the debtors rely upon the case of *In re Merida Tiles Corp.*, 144 B.R. 550 (Bankr. S.D.Fla.1992).

The case of *Merida Tiles Corp.*, however, was subsequently reversed on appeal to the district court. *In re Merida Tiles Corp.*, Case No. 93–180–CIV–DAVIS (S.D.Fla. May 24, 1993). The district court held that the federal tax lien should be recognized and given adequate protection where funds of the debtor are levied upon prior to the bankruptcy. Thus, the Bankruptcy Court's opinion cannot be relied upon to support the Debtors' Objection to the IRS' claim.

■ The debtors also seek to reallocate the payments made to the IRS by the Chapter 7 Trustee. The Bankruptcy Court, however, lacks specific authority in the Bankruptcy Code to reallocate payments made by a Chapter 7 trustee. The only permissible context in which the Bankruptcy Court may direct tax payments is in the context of a Chapter 11 reorganization where the direction of payments is necessary to the successful reorganization of the debtor.

The Supreme Court has held that a debtor in Chapter 11 can designate payments to the IRS, but only when such directing of payments is necessary to the reorganization of the debtor. *United States v. Energy Resources Co.*, 495 U.S. 545, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990). In the Chapter 7 context, the Courts have held that *Energy Resources* does not apply to Chapter 7 cases. See *In re Suburban Motor Freight, Inc.*, 161 B.R. 640 (S.D.Ohio 1993); *In re Schilling*, 177 B.R. 862 (Bankr.N.D.Ohio 1995). The reason for making a distinction with Chapter 7 cases is that in Chapter 7 there is no rehabilitation of the debtor unlike in Chapter 11 and 13 where the debtor proposes a plan to fully pay the tax liabilities over a certain period of time. See *In re Lambert*, 124 B.R. 345 (Bankr.W.D.Okla.1991); *In re Gregory Engine & Machine Services, Inc.*, 135 B.R. 807 (Bankr.E.D.Tex.1992). There is no continuing reorganized debtor which emerges from a Chapter 7 as there is in a Chapter 11 case.

Another reason for denying a Chapter 7 debtor the right to reallocate payments made by a trustee is that such payments are involuntary payments made in bankruptcy and therefore cannot be directed to non-dischargeable tax periods. *In re Fullmer*, 962 F.2d 1463 (10th Cir.1992).

■ The determination of whether the debtor is entitled to allocate payments made to the IRS depends on whether the payment

**164**

is voluntary or involuntary. As a general rule, a taxpayer may direct a voluntary payment of taxes. *Muntwyler v. United States,* 703 F.2d 1030, 1032 (7th Cir.1983). However, in bankruptcy, payments by a Chapter 7 trustee are involuntary payments and may not be directed to a specific tax period by the debtor. *In re Schilling,* 177 B.R. 862 (Bankr.N.D.Ohio 1995); *In re Leonard,* 112 B.R. 67 (Bankr.D.Conn.1990).

■ Based on the foregoing analysis, this Court holds that the Federal Tax Lien attaches to the Preference Action recovery obtained by the Trustee for the Benefit of the Bankruptcy Estate. The federal tax lien attaches to all property and rights to property belonging to the debtor as of the date the bankruptcy petition is filed. 26 U.S.C. § 6321. *In re Schilling, supra* at 863. Under 11 U.S.C. § 506(a), the tax claim is secured to the extent of the value of the collateral which secures its claim. See also 11 U.S.C. § 506(d). In valuing the secured claim, all estate property must be considered including property recovered by way of preference actions by the trustee. *In re Seneca Balance, Inc.,* 114 B.R. 378 (Bankr.W.D.N.Y. 1990).

■ The United States' secured claim is secured in an amount at least equal to the value of the debtor's assets which is the total sum paid by the trustee to the IRS in the amount of $28,022.28 ($25,803.53 & $2,218.75) plus $1,990.91 which represents the amount of exempt and abandoned property to which the federal tax lien would attach.

Accordingly, it is hereby

ORDERED AND ADJUDGED that the Debtors' Objection to Claim and to Application of Proceeds of Claim is DENIED;

FURTHER ORDERED AND ADJUDGED that the IRS' secured claim should be allowed in the amount of $30,013.19.